IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

MICHA GRYDER AND GARLYN GRYDER, AS
WRONGFUL DEATH BENEFICIARIES OF
WILLIAM C. GRYDER, V, AND THE ESTATE OF
WILLIAM C. GRYDER, V, BY AND
THROUGH MICHA GRYDER, ADMINISTRATRIX                         PLAINTIFFS

VS.                                    CIVIL ACTION, FILE NO. A2402-2021-104

SKEETERS, LLC d/b/a SKEETERS
BAR & GRILL, AND JOHN DOES 1-10                              DEFENDANTS

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, Plaintiffs, Micha Gryder and Garlyn Gryder, as wrongful death beneficiaries of William C. Gryder, V, and the Estate of William C. Gryder, V, by and through Micha Gryder, Administratrix, and file this Complaint as follows:

### I. PARTIES

1.  Plaintiff, Micha Gryder, is an adult resident of Ocean Springs, Jackson County, Mississippi.

2.  Plaintiff, Garlyn Gryder, is an adult resident of Ocean Springs, Jackson County, Mississippi.

3.  Plaintiff, Estate of William C. Gryder, V, is an estate filed in Jackson County, Mississippi.

4.  Defendant, Skeeters LLC, doing business as Skeeters Bar & Grill ("Skeeters") is a Mississippi limited liability company with its principal office at 388 Big Lake Rd., Biloxi, Mississippi 39531, and may be served with process by serving its registered agent, Jennifer



Wilson, at 388 Big Lake Rd., Biloxi, Mississippi 39531. Skeeters Bar & Grill is located at 197 Teagarden Road, Gulfport, Mississippi 39507.

5. Defendants John Does 1-10 are entities or individuals unknown to Plaintiffs at this time and are named in this lawsuit pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. Upon information and belief, such John Doe Defendants were involved in the negligent transactions or occurrences in this lawsuit proximately causing William C. Gryder, V's injuries and death including, but not limited to, any entity that served alcohol to Michael Blaise Leggett, Jr., or are entities that provided uninsured/underinsured motorist coverage applicable to William C. Gryder, V, at the time of this incident and who are contractually obligated to provide uninsured/underinsured motorist benefits to William C. Gryder, V, for the events alleged in this complaint, and the resulting death of William C. Gryder, V. Accordingly, all allegations and claims asserted herein against Defendants are incorporated by reference against John Does 1-10. John Does 1-10 will be identified by name and joined in this action, by amendment of the Complaint, pursuant to the Mississippi Rules of Civil Procedure.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligent acts and omissions committed in Harrison County, Mississippi, and the cause of action occurred and accrued in Harrison County, Mississippi, and one or more defendants reside in Harrison County, Mississippi.

## III. FACTS

7. Plaintiffs adopt and incorporate by reference each and every allegation as set forth above.

8.      On November 24, 2020, Michael Blaise Leggett, Jr. ("Leggett") was a patron at Skeeters Bar & Grill (Skeeters).

9.      On November 24, 2020, Skeeters had a license and/or permit to sell alcohol to the public.

10.     On November 24, 2020, Skeeters advertised and offered various drink specials during the time that Leggett was on the premises, including but not limited to "2 for 1" drink specials or a "Happy Hour."

11.     Skeeters drink specials encouraged alcohol consumption for its patrons, such as Leggett.

12.     On November 24, 2020, Leggett purchased from Skeeters multiple alcoholic beverages, which he consumed.

13.     On November 24, 2020, employees of Skeeters sold and served alcoholic beverages to Leggett, which he consumed.

14.     On November 24, 2020, Leggett became intoxicated while a patron at Skeeters.

15.     On November 24, 2020, Leggett became visibly intoxicated while a patron at Skeeters.

16.     On November 24, 2020, after Leggett became visibly intoxicated, Leggett purchased alcoholic beverages from Skeeters, which he consumed.

17.     On November 24, 2020, after Leggett became visibly intoxicated, employees of Skeeters sold and served alcoholic beverages to Leggett, which he consumed.

18.     On November 24, 2020, Leggett consumed alcoholic beverages at Skeeters during his patronage for approximately three (3) hours.

19. On or about November 24, 2020, Leggett exited Skeeters visibly intoxicated, and left the premises in his motor vehicle.

20. On November 24, 2020, after purchasing and consuming alcohol beverages from Skeeters while visibly intoxicated, Leggett operated a motor vehicle on the public roads and highways of Mississippi, while physically impaired by his alcohol consumption at Skeeters.

21. Leggett drove his vehicle east on Highway 90 through Biloxi, and stopped at the stoplight at the intersection of Highway 90 (Beach Boulevard) and Myrtle Street.

22. At the same time Leggett was at the stoplight, William C. Gryder, V, ("Gryder"), who was at the same intersection, turned his motorcycle east onto Highway 90 and headed towards Ocean Springs.

23. Leggett, traveling in his vehicle behind Gryder, and in violation of the Rules of the Road, as codified in Title 63 of the Mississippi Code, and in breach of his duty of care, caused his vehicle to collide with Gryder's motorcycle, wrongfully causing damage, physical injury, and death to Gryder.

24. At the time of the incident, Leggett had consumed alcohol and/or was under the influence of an intoxicating beverage.

25. Gryder did not cause or contribute to the crash.

26. On April 19, 2021, Leggett was indicted by the grand jury in Harrison County, Mississippi for felony driving under the influence causing death or disfigurement.

27. Leggett's blood alcohol concentration was 0.221%.

28. Leggett recklessly, carelessly, and negligently caused his vehicle to crash into the motorcycle that was being operated by Gryder resulting in Gryder's death.

29. Skeeters negligently, carelessly, recklessly, and/or wantonly engaged in the sale of or furnished intoxicating beverages to Leggett after he was visibly intoxicated, in violation of the laws of the State of Mississippi, thereby proximately causing Gryder's injuries and death.

### IV.   COUNT I

#### Negligence and Negligence Per Se (Dram Shop) Claim
#### Against Defendant Skeeters

30. Plaintiffs adopt and incorporate by reference each and every allegation as set forth above.

31. At all times material hereto, Skeeters was licensed, permitted, and engaged in the sale of alcoholic beverages to its patrons, including but not limited to Leggett.

32. At all times material hereto, Skeeters was under a duty to the public in general, and Gryder in particular, to engage in the sale of alcoholic beverages in a safe and prudent manner, having due regard for Gryder's safety, as well as the safety of others.

33. Skeeters, by and through employees, servants and/or agents, breached this duty by negligently continuing to sell and serve alcoholic beverages to Leggett after he was visibly intoxicated, and in violation of the laws of the State of Mississippi.

34. At all times material hereto, employees, servants and/or agents of Skeeters, were acting within the course and scope of their employment when alcoholic beverages were sold and served to Leggett when he was visibly intoxicated.

35. Skeeters is vicariously liable for its employees, servants and/or agents' violations of duties owed in preventing foreseeable injuries to foreseeable plaintiffs, and is vicariously liable for the negligence of any of its employees, servants and/or agents under the doctrine of *respondeat superior*.

36. Skeeters, through its employees, servants and/or agents, breached its duty owed to Gryder in that it committed acts and/or omissions which constituted negligence, and violated the laws of the State of Mississippi, thereby causing and/or contributing to the personal injuries and death of Gryder.

## V.   COUNT II

### Gross Negligence of Defendant Skeeters

37. The actions of Skeeters, by and through their employees, servants, and/or agents, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the public in general, and Gryder in particular. Skeeters, by and through their employees, servants, and/or agents had actual, subjective awareness of the risk, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Gryder, and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. Skeeters, by and through their employees, servants, and/or agents, actions or inactions further amounted to a reckless disregard for the safety of Gryder, and were done with a conscious disregard for the best interest of the public in general, and Gryder in particular, and were willful, wanton, and grossly negligent.

## VI.   DAMAGES

38. As a direct and proximate result of the aforesaid violation of the laws of the State of Mississippi, negligence or gross negligence of the Defendants, the following injuries and damages were sustained for which Plaintiffs seek recovery:

   a. Medical and other healthcare-related expenses of William C. Gryder, V, deceased;

   b. Present net cash value of the life expectancy of William C. Gryder, V, deceased;

    c. Burial and funeral expenses of William C. Gryder, V, deceased;

    d. Physical pain and suffering of William C. Gryder, V, deceased, that resulted until the instant of his death;

    e. Mental anguish and emotional pain and suffering of William C. Gryder, V, deceased, that resulted until the instant of his death;

    f. Loss of services, comfort, society, protection, support, abilities, counsel, affection and companionship of William C. Gryder, V, deceased;

    g. Punitive damages as allowable by law; and

    h. All damages of every kind of the decedent William C. Gryder, V, and of the Plaintiffs as provided under Miss. Code § 11-7-13 and allowable under the laws of the State of Mississippi.

**WHEREFORE, PREMISES CONSIDERED**, in that the aforesaid injuries, damages and death were all proximately caused or contributed to by the Defendants, Plaintiffs pray:

    a. That the Defendants be served with a copy of this Complaint and be cited and required to answer the same within the time provided by law;

    b. That the Plaintiffs be granted a jury trial on the matters presented herein pursuant to the Mississippi Rules of Civil Procedure;

    c. That the Defendants be responsible for all costs of these proceedings; and

    d. That after expiration of all legal delays and due proceedings there be a judgment hearing in favor of the Plaintiffs against the Defendants holding them jointly and severally liable for the following relief:

        i. An amount of money damages to be determined at the trial of this matter against Defendants for actual, compensatory, consequential, special and incidental damages;

      ii.    An amount of money damages to be determined at the trial of this matter against Defendants for punitive damages as allowed by law;

      iii.    Plus any applicable interest on any sums ordered herein including prejudgment and post-judgment interest as allowed by law; and

      iv.    All other legal or equitable relief to which Plaintiffs are entitled.

Respectfully submitted, this 21st day of June, 2021.

        **MICHA GRYDER AND GARLYN GRYDER, AS WRONGFUL DEATH BENEFICIARIES OF WILLIAM C. GRYDER, V, AND THE ESTATE OF WILLIAM C. GRYDER, V, BY AND THROUGH MICHA GRYDER, ADMINISTRATRIX**

By: _____
     GERALD J. DIAZ, JR.

Gerald J. Diaz, Jr., Esq. (MSB # 6063)
Christopher P. Williams, Esq. (MSB # 10774)
James R. Segars, III, Esq. (MSB # 103605)
DIAZ LAW FIRM, PLLC
208 Waterford Square, Suite 300
Madison, MS 39110
Phone: (601) 607-3456
Fax: (601) 607-3393
Email: joey@diazlawfirm.com
Email: chris@diazlawfirm.com
Email: tripp@diazlawfirm.com

*Attorneys for Plaintiffs*